UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

CENTURY INDEMNITY COMPANY  and
PACIFIC EMPLOYERS INSURANCE
COMPANY,                                                    Civil Action No.

                              Plaintiffs,

v.

BEGLEY COMPANY, TRAVELERS
PROPERTY AND CASUALTY COMPANY
OF AMERICA, THE TRAVELERS
INDEMNITY COMPANY, THE
TRAVELERS INDEMNITY COMPANY OF
AMERICA, and THE CHARTER OAK FIRE
INSURANCE COMPANY,

                              Defendants.

## COMPLAINT FOR DECLARATORY JUDGMENT

Century Indemnity Company, as successor to CCI Insurance Company, as successor to Insurance Company of North America (hereinafter referred to as "Century"), and Pacific Employers Insurance Company (hereinafter "PEIC"), for their Complaint for Declaratory Judgment, state as follows:

## NATURE OF THE ACTION

1.      This is an action pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure to determine and resolve questions of actual controversy concerning the availability and scope of insurance coverage, if any, for Defendant Begley Company under certain policies of insurance issued by Plaintiffs Century and PEIC, and by one or more of The Travelers Defendants to Begley Company.

2.      This declaratory action stems from Begley's demand that the insurers defend and indemnify it with respect to two claims asserted against Begley arising out of environmental contamination discovered at or allegedly arising from two sites now or formerly used by Begley to conduct dry cleaning operations (the "Underlying Claims").

3.      Century is currently defending Begley regarding the Underlying Claims pursuant to a reservation of rights, including the right to deny coverage based upon the Sudden and Accidental Pollution Exclusions in its policies.  Century and PEIC deny that they have any obligation to defend or indemnify Begley with respect to these claims.  In the alternative, Century and PEIC ask this Court to resolve the respective obligations of the parties under the Century, PEIC and Travelers policies so as to resolve disputes among the insurers regarding their respective obligations to Begley, if any.

## THE PARTIES

4.      Plaintiff Century Indemnity Company, as successor to Insurance Company of North America, is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

5.      Plaintiff Pacific Employers Insurance Company is a Pennsylvania corporation with its principal place of business in Philadelphia, Pennsylvania.

6.      Defendant Begley Company ("Begley") is a Kentucky corporation, has its principal place of business in Kentucky, and regularly conducts business in this District.  On information and belief, Begley has done business under the name of Concord Custom Cleaners. Begley is the successor in interest to Begley Drug Company.

2

7.      Defendant Travelers Property Casualty Company of America f/k/a The Travelers Indemnity Company of Illinois is a Connecticut corporation, has its principal place of business in Hartford, Connecticut, and regularly conducts business in this District.

8.      Defendant The Travelers Indemnity Company is a Connecticut corporation, has its principal place of business in Hartford, Connecticut, and regularly conducts business in this District.

9.      Defendant The Travelers Indemnity Company of America is a Connecticut corporation, has its principal place of business in Hartford, Connecticut, and regularly conducts business in this District.

10.     Defendant The Charter Oak Fire Insurance Company is a Connecticut corporation, has its principal place of business in Hartford, Connecticut, and regularly conducts business in this District. Defendants Travelers Property Casualty Company of America, The Travelers Indemnity Company, The Travelers Indemnity Company of America, and The Charter Oak Fire Insurance Company are collectively referred to as "The Travelers Defendants."

## JURISDICTION AND VENUE

11.     This Court has subject matter jurisdiction over this declaratory judgment action pursuant to 28 U.S.C. § 2201, *et seq.* and Rule 57 of the Federal Rules of Civil Procedure.

12.     An actual, justiciable controversy exists among Century, PEIC, Travelers and Begley regarding the existence and scope of insurance coverage, if any, available under the insurance policies for the Underlying Claims.

13.     As for the Frankfort and Michigan City Sites, Century has participated in the defense to Begley under a reservation of rights.   Century has asked The Travelers Defendants to participate in the defense regarding the Michigan City Site described below.   To date, The

Travelers Defendants have not accepted any responsibility for the defense costs or for coverage regarding the Michigan City Site and, on information and belief, deny any obligation to indemnify Begley or to participate in any costs regarding the Frankfort Site.

14.     This Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and the suit is between citizens of different states.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) because Begley conducts business in this District and maintains its principal place of business in this District, and Century, PEIC and Travelers, upon information and belief, conduct or have conducted business in this District at times material hereto.

## THE UNDERLYING CLAIMS AND BEGLEY'S CLAIM FOR COVERAGE

### A.     *The Frankfort Site*

16.     Upon information and belief, since 1977 Begley has operated a dry cleaning business under the trade names "Big B Cleaners" and "Concord Custom Cleaners" in leased premises within the Eastwood Shopping Center located at 260 Versailles Road, Frankfort, Kentucky (the "Frankfort Site").

17.     On or about November 17, 2011, the owner of the Site, Frankfort Station, Inc. ("Frankfort Station"), notified Begley that '[i]n recent years, impacts of chlorinated solvents have been found at the Property," and that as a result of such contamination, "the Kentucky Division of Waste Management ("KDWM") has demanded that the Property be investigated and remediated." Frankfort Station further alleges that it has spent over $100,000 to date investigating the Frankfort Site and that the total cost of remediation could exceed $1,000,000.

Frankfort Station invited Begley to work with it to investigate and remediate the contamination given its view "that Begley Company has substantial liability."

18.     Despite Frankfort Station's allegations against Begley regarding the Frankfort Site, upon information and belief, no lawsuit has been filed to date against Begley with respect to the contamination at the Frankfort Site.   Rather, on or about April 13, 2012, Begley and Frankfort Station entered into an agreement tolling the statute of limitations period related to Frankfort Station's claims against Begley until no later than April 13, 2016.

19.     Begley notified Century of the Frankfort Site and Century has participated in the defense of Begley under a full reservation of rights.

20.     On information and belief, Begley also notified the Travelers Defendants of the Frankfort Site, and the Travelers Defendants have fully reserved their rights regarding the claim.

### B.     The Michigan City Site

21.     Upon information and belief, Begley is a defendant in a lawsuit filed by Michigan City and Michigan City Redevelopment Commission, Cause Number 46C01-1507-PL-1364 in the Circuit Court of LaPorte County, Indiana.  The Michigan City Plaintiffs allege contamination to real property located on the north and south sides of East Eighth Street near the intersection with E Street in Michigan City, Indiana (the "Michigan City Site").   On information and belief, the alleged damages claimed exceed the jurisdictional minimum of this Court.

22.     The Complaint regarding the Michigan City Site alleges, among other matters, that Begley owned and operated a dry cleaning facility located at 1033 East Michigan Boulevard in Michigan City, Indiana.  The Michigan City Plaintiffs allege that Begley and other parties are responsible for the release, discharge and disposal of contaminants that have polluted groundwater.

23.     The Michigan City Plaintiffs seek to recover from Begley and others the costs for investigation, remediation and other costs allegedly related to the contamination at the Michigan City Site.

24.     Begley has notified Century of the Michigan City Site and the LaPorte County lawsuit.  Century has fully reserved its rights and, subject thereto, Century is defending Begley in the LaPorte County lawsuit.

25.     Century has advised The Travelers Defendants of the Michigan City Site and the LaPorte County lawsuit.  To date, The Travelers Defendants have not agreed to participate in the defense of Begley.

## THE INSURANCE POLICIES

26.     Century issued two primary policies to Begley:

| Policy Numbers | Effective Dates |
| --- | --- |
| DLP DO 1043821 | 04/01/79-04/01/81 |
| DLP DO 3939430 | 04/01/81-04/01/83 |

27.     PEIC issued the following four excess liability insurance policies to Begley:

| Policy Numbers | Effective Dates |
| --- | --- |
| XMO 007177 | 04/01/81-04/01/82 |
| XMO 012348 | 04/01/82-04/01/83 |
| XMO 009127 | 04/01/83-04/01/84 |
| XMO 022436 | 04/01/84-04/01/85 |

28.     Each of the Century primary policies and each of the PEIC excess policies contain exclusions for property damage liabilities arising from, among other matters, the release of pollutants unless the release is "Sudden and Accidental."

29.     The Travelers Defendants have, in prior litigation in this Court, identified the following primary general liability policies issued to Begley (the "Travelers Primary Policies")

that do not contain Absolute Pollution Exclusions or a Sudden and Accidental Pollution Exclusion. Instead, these policies exclude the expected or intended releases of pollution:

| Policy Number | Effective Dates |
|---|---|
| 650-283F498-8-TIA-83 | 04/01/83 to 04/01/84 |
| 650-283F498-8-TIA-84 | 04/01/84 to 04/01/85 |
| 650-283F498-8-IND-85 | 04/01/85 to 04/01/86 |

30. Century and PEIC contend that the Sudden and Accidental Pollution Exclusions in their policies exclude coverage for the Frankfort Site and the Michigan City Site. In the alternative, in the event that coverage is available, Century contends that Travelers would have a duty to share based upon a *pro rata* time on the risk allocation under Kentucky law. Century has asked The Travelers Defendants to participate in the defense of the lawsuit regarding the Michigan City Site but The Travelers Defendants, to date, have not agreed to do so.

31. With regard to the PEIC excess policies, even if the Sudden and Accidental Pollution Exclusions did not bar coverage, and if the claims otherwise came within the scope of the insurance afforded by the PEIC excess policies, the primary policies, including those issued by The Travelers Defendants, must be exhausted before a claim could be covered by the PEIC excess policies.

<u>**COUNT I**</u>
<u>**CENTURY'S CAUSE OF ACTION FOR DECLARATORY JUDGMENT**</u>

32. Century repeats and realleges the allegations set forth in paragraphs 1-31 as though fully set forth herein.

33. An actual case or controversy exists among Century, The Travelers Defendants, and Begley regarding the availability, if any, of insurance coverage for the Underlying Claims under the Century and Travelers Policies.

34.     Century seeks a declaration that it has no obligation to defend Begley under the policies with respect to the claims asserted by Frankfort Station, on the basis that such claims do not constitute a "suit," and that it has no obligation to indemnify Begley with respect to the claims asserted by Frankfort Station arising out of the Frankfort Site due to the operation of the Sudden and Accidental Pollution Exclusions contained in each of the Century policies.

35.     Century further seeks a declaration that it has no obligation to defend or indemnify Begley with respect to the claims asserted against Begley regarding the Michigan City Site due to the operation of the Sudden and Accidental Pollution Exclusions contained in each of the Century policies.

36.     Century further asserts that certain other provisions in its policies may also apply to preclude coverage for some or all of the Underlying Claims.  Century's obligations arise only for claims covered by the Insuring Agreement of the policies and then only where there is no applicable exclusion and where Begley complies with the policy conditions.  Among other matters, there are issues as to whether there was an occurrence that resulted in property damage during the periods of Century's policies.  Therefore, Century also seeks a declaration that it has no duty to defend or indemnify Begley with respect to the Underlying Claims, or that its obligations to do so are limited in certain respects, under one or more of the policies based upon the provisions of the insurance policies.

37.     Moreover, in the event that property damage resulted during the period of both Century and The Travelers Defendants' primary policies, there are issues regarding the allocation of the loss among the insurers and Begley, assuming that coverage applies at all.

WHEREFORE, Plaintiff Century Indemnity Company respectfully asks this Court to enter a declaratory judgment holding that Century has no obligations to defendant Begley

Company regarding the environmental claims at issue and, in the alternative, to determine the respective obligations of the parties under the Century and The Travelers Defendants' policies.

## COUNT II
## PEIC'S CAUSE OF ACTION FOR DECLARATORY JUDGMENT

38.     PEIC repeats and realleges the allegations set forth in paragraphs 1- 37 as though fully set forth herein.

39.     An actual case or controversy exists among PEIC, The Travelers Defendants, and Begley regarding the availability, if any, of insurance coverage for the Underlying Claims under the PEIC policies regarding the Frankfort Site and the Michigan City site.

40.     PEIC seeks a declaration that it has no obligation to defend or indemnify Begley under the policies with respect to the claims asserted by Frankfort Station, on the basis that such claims do not constitute a "suit," and that it has no obligation to indemnify Begley with respect to the claims asserted by Frankfort Station arising out of the Frankfort Site due to the operation of the Sudden and Accidental Pollution Exclusions contained in each of the PEIC policies.

41.     PEIC further seeks a declaration that it has no obligation to defend or indemnify Begley with respect to the claims asserted against Begley regarding the Michigan City Site due to the operation of the Sudden and Accidental Pollution Exclusions contained in each of the PEIC policies.

42.     PEIC further asserts that certain other provisions in its policies may also apply to preclude coverage for some or all of the Underlying Claims.  PEIC's obligations arise only for claims covered by the Insuring Agreement of the policies and then only where there is no applicable exclusion and where Begley complies with the policy conditions.  Among other matters, there are issues as to whether there was an occurrence that resulted in property damage during the periods of PEIC's policies.  Further, the PEIC policies apply only in excess of all

primary policies that are in effect during the periods during which property damage occurred. Therefore, PEIC also seeks a declaration that it has no duty to defend or indemnify Begley with respect to the Underlying Claims, or that its obligations to do so are limited in certain respects, under one or more of the policies based upon the provisions of the insurance policies.

WHEREFORE, Plaintiff Pacific Employers Insurance Company respectfully asks this Court to enter a declaratory judgment holding that PEIC has no obligations to defendant Begley Company regarding the environmental claims at issue and, in the alternative, to determine the respective obligations of the parties under the insurance policies.

Respectfully submitted,

Stephen C. Ascher
Cohn Baughman & Martin
333 West Wacker Drive, Suite 900
Chicago, IL 60606
(T) (312) 753-6600
(F) (312) 753-6601
stephen.ascher@mclolaw.com
(*pro hac vice* forthcoming)

-and-

Carl N. Frazier
Stoll Keenon Ogden PLLC
300 West Vine Street, Suite 2100
Lexington, Kentucky  40507
(T) (859) 231-3968
(F) (859) 253-1093
carl.frazier@skofirm.com

By:     /s/ Carl N. Frazier
        COUNSEL FOR PLAINTIFFS

991137.801137/4622681.4