UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| CENTURY INDEMNITY COMPANY, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Civil Case No. 5:17-cv-138-JMH |
| v. | ) ) | **MEMORANDUM OPINION & ORDER** |
| BEGLEY COMPANY, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

\*\*\*

This matter is before the Court upon Defendant Begley Company's Motion for Leave to File a First Amended Counterclaim and Crossclaim for Declaratory Relief. [DE 34]. The time to file a response having lapsed, and the Court being otherwise sufficiently advised, this matter is ripe for the Court's review. For the reasons stated herein, Defendant's Motion is **GRANTED**.

**I.**

As an initial matter, the Court notes that, by failing to respond, co-Defendant Travelers and Plaintiffs have waived opposition to the motion. *See Humphrey v. U.S. Att'y Gens. Office*, 29 F. App'x 328, 331 (6th Cir. 2008); *Resnick v. Patton*, 258 F. App'x 789, 790-91 n.1 (6th Cir. 1989); *Walker v. Jones*, No. 09-cv-393-GFVT, 2010 WL 1838969, at \*1 (E.D. Ky. May 5, 2010). Under

local rules, failure to respond is grounds for this Court to grant the motion. *See* LR 7.1(c).

But deadlines are important things. And when the Court establishes deadlines, the parties are obliged to follow them. If a party attempts to file an untimely motion, the Court will not blithely grant it without considering the reasons for the delay. As such, the Court will more fully address issue.

**II.**

This case involves several parties disputing insurance coverage related to alleged environmental contamination at two dry cleaning facilities currently or formerly operated by Begley. [DE 34, p. 2]. Begley, at various times, maintained different insurance policies with Plaintiffs Century Indemnity Company ("Century") and Pacific Employers Insurance Company ("PEIC") as well as with Defendants Travelers Property Casualty Company of America, Travelers Indemnity Company, Travelers Indemnity company of America, and Charter Oak Fire Insurance Company (collectively "Travelers").

Begley argues that, under the policies at issue, Travelers must indemnify Begley or defend the claims in this case. [DE 34, p. 2]. After being named as a defendant, Begley asserted counterclaims against Century and PEIC, as well as a crossclaim

against Travelers. These claims sought declarations that Century and Travelers (1) "must provide Begley a complete defense against claims that Begley is liable for property damage" related to the alleged contamination and (2) "must indemnify Begley, up to their respective policies' limits, if Begley becomes legally obligated for damages due to property damage" from the alleged contamination. [*Id.*].

Begley's original crossclaim addressed only potential property damages. Begley now seeks to amend its crossclaim to include requests for declarations regarding personal injury and advertising injury under the policies. [DE 34, p. 3]. Prior to filing this motion, Begley sent a letter to Travelers discussing the policies. [DE 34, Ex. 2]. In response, Travelers wrote "we would expect all of the issues you have raised to be resolved as part of the ongoing coverage litigation filed by Century Indemnity Company and Pacific Employers Insurance Company in the Eastern District of Kentucky, USDC Case No. 5:17-cv-00138-JMH." [DE 34, Ex. 3]. Thus, Travelers itself expects this Court to resolve these matters.

## III.

In civil cases, district courts must issue scheduling orders under Rule 16 of the Federal Rules of Civil Procedure. The contents of the scheduling order must include a limit on the time

3

to amend the pleadings and file motions. Fed. R. Civ. P. 16(b)(3)(A). This Court issued a scheduling order on June 1, 2017. [DE 29]. The order required parties to file motions to amend pleadings by August 1, 2017. [*Id*.]. Rule 16 "ensure[s] that 'at some point both the parties and the pleadings will be fixed.'" *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)(quoting Fed. R. Civ. P. 16, 1983 advisory committee's notes). A scheduling order maintains orderly proceedings and is "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded . . . without peril." *Birge v. Dollar Gen. Corp.*, No. 04-2531 B, 2006 WL 133480, at *1 (W.D. Tenn. Jan. 12, 2006).

Begley acknowledges that its motion has been filed after the deadline in the scheduling order. [DE 34, p. 4]. But Begley argues this Court should allow the late motion under Fed. R. Civ. P. 6(b)(1)(B), which states: "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time: on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B).

Although Begley moves under Rule 6, Rule 16 governs modifications to scheduling orders. Fed. R. Civ. P. 16(b)(4). Rule 16 allows changes to the scheduling order only for "good cause and with the judge's consent." *Id*. Thus, failing to move for an amendment before the expiration of a scheduling order deadline

4

implicates Rule 16. *Leary*, 349 F.3d at 905. In *Leary*, the Sixth Circuit applied Rule 16's "good cause" standard to the plaintiff's motion to amend the complaint that the plaintiff filed after the deadline established in the scheduling order. *Id.* at 906-09. The Court did not mention Rule 6 in its analysis, and it affirmed the district court's denial of the plaintiff's motion based on plaintiff's failure to show good cause. *Id.*

This does not mean, however, that Rule 6 has no applicability in this context. A recent opinion in this district wrestled with the relationship between Rule 16 and Rule 6 when a party files a motion after a scheduling order deadline. *See First Tech. Cap., Inc. v. BancTec, Inc.*, No. 5:15-CV-138, 2017 WL 2735516 (E.D. Ky. June 26, 2017). In *BancTec*, the defendant attempted to amend its answer a month after the cutoff date in the case schedule. *Id.* In denying the defendant's motion, the Court first rejected the argument that Rule 6 never applies: "The Sixth Circuit has applied, and other Circuits regularly apply, Rule 6(b) when reviewing decisions to amend (or not) a case schedule." *Id.* at *4 (citing cases). Although courts have not consistently applied Rule 6 when parties file motions after case schedule deadlines, no Sixth Circuit case has ever *held* that Rule 6(b) does not apply. *Id.* at *4, n.7. Indeed, Judge Wier wrote that the Circuit's "lack of consideration of Rule 6(b)" does not "indicate that Rule 6(b) does

5

not, or can never apply in the scheduling order context." *Id*. In short, the "Circuit, quite simply, has never fully grappled with the precise question of the Rule 16 v. Rule 6 interplay." *Id*.

The uncertainty Judge Wier highlighted exists throughout the federal courts. Indeed, whether Rule 6's "excusable neglect" standard or Rule 16's "good cause" standard applies when a party files a motion after the scheduling order deadline—and which standard requires a higher showing—is a source of ambiguity. *See, e.g.*, *Payne v. C.R. Bard Inc.*, 606 F. App'x 940, 944 (11th Cir. 2015) (applying both Rule 16 and Rule 6); *Drippe v. Tobelinski*, 604 F.3d 778, 784 (3d Cir. 2010)(noting that some courts have "impose[d] a strict requirement that litigants file formal motions for Rule 6(b) time-extensions when attempting to file in contravention of a scheduling order."); *Smith v. Dist. of Columbia*, 430 F.3d 450, 456-57 (D.C. Cir. 2005)(using Rule 6 standard when analyzing district court's decision to consider summary judgment motion filed after a court-imposed deadline); *Pendleton v. Bob Frensley Chrysler Jeep Dodge Ram, Inc.*, No. 3:14 C 02325, 2016 WL 827744, at *2 (M.D. Tenn. Mar. 3, 2016)("While Rule 16(b)(4) and Rule 6(b) overlap to some degree, [the Court] find[s] that Rule 6(b)(1)B) provides the appropriate standard, particularly where, as here, a party seeks an extension after a deadline has already passed"); *Johnson v. City of Murray*, NO. 2:10-cv-01130, 2012 WL

6

5194025 (D. Utah Oct. 19, 2012)(considering both Rule 16 and Rule 6); *Weil v. Carecore Natl. LLC*, No. 10-cv-00799, 2011 WL 1938196, at *2 (D. Colo. May 19, 2011); *Great N. Ins. Co. v. Alatmans Prods. LLC*, No. 08-10395, 2010 WL 11545412, at *1 (E.D. Mich. Mar. 3, 2010) (noting the overlap between the two rules); *Estate of Miller ex rel Miller v. Thrifty Rent-A-Car Sys. Inc.*, 609 F. Supp. 2d 1235, 1252 (M.D. Fla. 2009) (ruling a party must meet both good cause and excusable neglect to file an untimely motion); *America's Collectables Network, Inc. v. Syndicate 1414,* No. 3:08-cv-96, 2009 WL 2929417, at *1-2 (E.D. Tenn. Sept. 8, 2009)(using Rule 6(b) to analyze motion to amend scheduling order).

In short, the relationship between Rule 16 and Rule 6 is muddled. But regardless of which rule applies, the movant must first show "good cause." *See Ross v. Am. Red Cross*, 567 F. App'x 296, 306 (6th Cir. 2014); *Leary*, 349 F.3d at 906.

### *Good Cause*

"In order to demonstrate good cause, the [movant] must show that the original deadline could not reasonably have been met despite due diligence and that the opposing party will not suffer prejudice by virtue of the amendment." *Ross*, 567 F. App'x at 306. A movant "does not establish 'good cause' to modify a case schedule to extend the deadline to amend pleadings where she was aware of the facts underlying the proposed amendment to her pleading but

7

failed, without explanation, to move to amend . . . before the deadline." *Id*. The movant must "explain why he failed to move for the amendment at a time that would not have required a modification of the scheduling order." *Korn v. Paul Revere Life Ins., Co.*, 382 F. App'x 443, 450 (6th Cir. 2010); *see also Commerce Benefits Grp., Inc. v. McKesson Corp.*, 326 F. App'x 369, 376 (6th Cir. 2009)(denying a motion to amend after a scheduling order deadline because the movant failed to "adequately explain its delay"). Where the movant provides "no excuse" for the delay, he has failed to show good cause. *Leary*, 349 F.3d at 907.

Begley has established good cause. Although Begley's proposed amendments do not stem from any new information, Begley is not offering them late "without explanation" or with "no excuse." *Ross*, 567 F. App'x at 306; *Leary*, 349 F.3d at 907. To the contrary, Begley "adequately explain[s] its delay" as resulting from discussions with Travelers. *Commerce Benefits Grp.*, 326 F. App'x at 376. The parties disputed the extent of certain insurance policies, and after discussing those issues, the parties agreed that this lawsuit should resolve the matter. [DE 34, p. 4]. But the parties did not reach this conclusion until more than two months after the deadline to amend pleadings. [*Id*.]. During that time, Begley and Travelers explored "extrajudicial solutions to this dispute." [*Id*., p. 5]. Thus, Begley has explained its

delay—it and co-parties were attempting to resolve the issue through Travelers' internal process, and they did not agree that the issue should come before the court until after the deadline passed.

In addition, Begley has demonstrated a lack of prejudice to the opposing parties. *Ross*, 567 F. App'x at 306. First, the parties have engaged in little discovery, including limited written discovery and no depositions. [DE 34, p. 5]. In addition, Travelers acknowledged that the claim should be included in this lawsuit. [DE 34, p. 4]. The parties *expect* to resolve the issue before this court. This demonstrates a lack of prejudice.

### *Excusable Neglect*

Under Rule 6, a movant seeking to file an untimely motion must also demonstrate excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect is a "somewhat elastic concept" that is "at bottom an equitable one, taking account of all relevant circumstances." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

Courts consider five factors in determining whether excusable neglect exists: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether

the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafzinger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006). Some of these factors—such as prejudice, the reason for the delay, and the reasonableness of the delay—overlap with the good cause analysis. Begley has met them here. In addition, the length of the delay was short and Begley has acted in good faith since it discussed these issues extensively with co-parties.

Thus, even if Rule 6 applies, the Court finds Begley's Motion has satisfied the excusable neglect standard. Accordingly, the Court will consider Begley's motion.

## IV.

Once the movant establishes good cause, the Court will then consider whether the amendment is proper under Rule 15. *Leary*, 349 F.3d at 909. Under Rule 15(a)(2), a party may amend a pleading with leave of court. The Court will freely grant leave "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Rule establishes a "liberal policy of permitting amendments." *Inge v. Rock Fin. Corp*. 388 F.3d 930, 937 (6th Cir. 2004). "Denying leave is appropriate in instances of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment,

10

futility of the amendment, etc.'" *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013)(quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)).

Begley's co-parties have not alleged any bad faith, undue delay, or prejudice that would result if the Court granted the present motion. As previously noted, Begley's delay was in good faith since the parties had been attempting to resolve the issue. The communications among the parties indicate that Travelers itself expects this litigation to resolve the dispute between it and Begley. [DE 34, p. 4]. And finally, allowing the amendment serves judicial economy by avoiding piecemeal litigation among the parties.

Accordingly, **IT IS ORDERED** that Defendant Begley's Motion for Leave to File First Amended Counterclaim and Cross-Claim [DE 34} is **GRANTED.**

This the 3rd day of January, 2018.

